TDW-cum - 4/7·011

State v. Abdullahi, CR- 11-1544 (Unified Criminal Docket – Cumberland)

Before the court is a rather unique circumstance where the State has charged defendant Mohamud Said Abdullahi as an adult, contending that his date of birth is January 5, 1993, and the defense contends that he is a juvenile with a date of birth of May 1, 1993. The alleged offense took place on March 11, 2011 when defendant was either 18 years and 2 months old or 17 years and 10 months old depending on which date of birth is correct.

Defendant has filed a motion to dismiss, noting that 15 M.R.S. § 3101(3)(A) provides as follows:

> If, during the pendency of any prosecution for a violation of law, in any court in the State against any person charged as an adult, it is ascertained that the person is a juvenile, or was a juvenile at the time the crime was committed, the court shall forthwith dismiss the case.

The governing law with respect to how to ascertain whether a defendant is a juvenile is set forth in 17-A M.R.S. § 10-A(2) which provides that when an issue has been raised as to whether the court lacks jurisdiction because a defendant was a juvenile at the time of the alleged offense, the court shall hold a hearing and the State shall have the burden of proving jurisdiction by a preponderance of the evidence.

A hearing was held on April 5, 2011. Defendant offered into evidence certain documents (items 1 and 2 discussed below), and the State offered the testimony of JCCO Andrew Moore and one police report. The defense did not call any witnesses. Counsel agreed that the court could also take judicial notice of documents contained in the court file in the case at bar and documents contained in the court files in previous juvenile cases involving Mohamud Said Abdullahi.

The documents in question raise several issues. The first is caused by the fact that dates are generally abbreviated in the United States in the order of month/day/year, while in most other countries dates are abbreviated in the order of day/month/year. For Abdullahi, who was born in Somalia, this raises the possibility that in some documents his birthdate has been recorded in a day month year format while in other documents his birthdate has been recorded in a month day year format. This also raises the possibility that there are errors in documents because the authors of U.S. documents did not realize that dates taken from foreign sources were recorded in a different order.

Moreover, the court is inclined to give less weight to documents in government files where the source of the birthdate information contained therein is unknown. It is possible, for instance, that the birthdate for Abdullahi in Department of Correction files or in police reports is not correct and that an incorrect date, once recorded, is then repeated in other documents. As a result, the court is inclined to give more weight to documents when it appears that the birthdate information contained therein came from Abdullahi's family at a time when there would not have been any reason not to offer accurate information.

Finally, this is not the first time that questions have arisen over Abdullahi's birthdate. Documents in one of Abdullahi's juvenile files, as set forth below, indicate that his grandmother at one point stated that his date of birth was January 5, 1995, and documents in one of the juvenile files include that various immigration documents that were obtained in 2006 and 2007 in an effort to determine whether he was born in 1993 or 1995.[1] In this proceeding the defense is not arguing that Abdullahi was born in 1995, and the court would find in any case that the record demonstrates that he was born in 1993. It is the month that is in dispute.

The court finds that following documents are probative with respect to whether defendant was born in January 1993 or May 1993, although they do not all point in the same direction:

1. A permanent residency card in the name of Mohamud S Abdullahi, INS A# 077-602-645, listing birth date as "05/01/93." The 05/01/93 date can also be discerned in a metallic strip on the back of the card. Because this is an official U.S. document, the court concludes that the dates are intended to be in month day year order, but this does not rule out the possibility of error and there is no indication as to the source of the information. As seen below, other immigration documents specify a January 5, 1993 birthdate.

2. A Maine driver's license in the name of Mohamud S Abdullahi, with a picture of the defendant, listing birth date as "05/01/1993." Again, the source of the birth date information is not known and could have been item 1 above.

3. A bail bond in the case at bar, signed by defendant on March 23, 2011, listing his date of birth as "01-05-1993." The likely source of this information would have been the defendant, and it is highly likely that the author of this document would have listed dates in a month day year order.

4. A Maine pretrial services contract in the case at bar, signed by defendant on March 22, 2011, listing his date of birth as "1/5/93." The likely source of this information would have been the defendant, and it is highly likely that the author of this document would have listed dates in a month day year order.

5. A preliminary motion for appointment of counsel in the above-captioned case, signed by defendant on March 15, 2011, listing his date of birth as "1/5/93." The source of this information is likely to have been the defendant and it is also highly likely that the author of this document would have listed dates in a month day year order.

6. In Juvenile file 06-235, the original petition dated March 30, 2006 listed Abdullahi's DOB as "1/5/1995." Thereafter 1995 was crossed out and "1993" written in with the notation "amended w/o obj" over Judge Horton's initials, followed by another notation "amended again 1995" with Judge Powers's initials. These changes appear to have resulted from the issue raised by the letter from Kursi Dirar (item 7a below).

---

[1] As a result of this controversy, four out of the five petitions in juvenile proceedings commenced against Abdullahi in 2007 list his date of birth as 1/5/1995. Three juvenile proceedings were commenced in 2008 and all of those list his birthdate as 1/5/1993.

2

7. In Juvenile file 06-235 there are various documents that were submitted in connection with the question over defendant's age that arose in 2006 and 2007. These include the following:

(a) a copy of a January 2004 letter "to whom it may concern" that was apparently sent to school officials from Kursi Dirar (elsewhere identified as Mohamed Abdullahi's grandmother and guardian but also referred to in the juvenile files as his mother) stating that she is seeking to correct his birth date: "It was listed incorrectly in his immigration papers, his correct birthdate is January 5, 1995." Given that there is no longer a dispute that defendant was born in 1993, the court attaches some significance to the fact that this letter specifies January instead of May as the month of birth.

(b) A copy of a medical document entitled Examination of Applicants for United States Visas pertaining to Mohamud Said Abdullahi signed on September 25, 1999 by Abdullahi Ali Hassan (identified as "grandfather"). This lists defendant's date of birth as "Jan 05 93."

(c) A copy of an Immigration and Naturalization Service I-94 Departure Record card bearing a handwritten date in the margin of "1/19/00." The name filled in on this card is Mohamud Said Abdullahi and the card has a space for date of birth, in which 05 has been filed in for the day, 01 for the month, and 93 for the year. The back of that card bears the number A 77602645.

(d) An immigration document dated January 13, 2000 from the Nairobi office of Church World Services advising U.S. immigration authorities that certain individuals were traveling to the U.S. as refugees, Included on the list is Abdullahi, Mohamud Said, alien # 77602645, with a date of birth listed as 01/05/1993. In this instance it is possible to tell that the author is using a month day year order because other individuals on the list have birthdates in which the second number in the sequence could not represent months (e.g., 02/14/1994).

(e) A supplementary sheet for the USPHS (US Public Health Service) pertaining to the same individuals on item (d) above, lists Abdullahi, Mohamud Said (A77 602 645) with a birthdate of "Jan. 05. 93."

(f) An immigration document dated September 20, 1999 from the International Rescue Committee listing certain persons who have been accepted for resettlement under its auspices, including Abdullahi, Mohamud Said (A-77-602-645) with a birthdate of "Jan 05, 1993."

(g) An application for enrollment of Mohamud Said Abdullahi in the Portland public schools dated March 28, 2000 signed by Abdullahi Ali Hassan listing the student's date of birth as "1-05-93." The court cannot be certain from this document whether the author is following month day year order or day month year order.

3

8. Juvenile file 06-509 also contains a document entitled Power of Guardianship, dated June 26, 2006 and signed by Said Abdullahi Ali stating that he is giving his mother Kursi Dirdir the guardianship of his son Mohamud Said Abdullahi "whose date of birth is 5.1.1993." Once again, the court cannot tell from this document whether the author is following month day year order or day month year order.

The court concludes from the above that the State has proven by a preponderance of the evidence that defendant's correct birth date is January 5, 1993 and that he was over eighteen on March 11, 2011. First, on all the documents listed above where the month is spelled out instead of abbreviated, January appears. Second, the court finds the immigration documents listed above as items 7(b)-(f) consistently specify a January birth date. Third, there are recent documents (bail bond, Pretrial Services contract, and application for appointment of counsel) indicating a January birthdate where the likely source of that information was the defendant himself. Therefore, it is probable that Abdullahi was born on January 5, 1993 and that the birth date on his permanent residency card and driver's license is incorrect.

Defendant's motion to dismiss is denied.

Dated: April __7__, 2011

Thomas D. Warren
Justice, Superior Court

4

STATE OF MAINE
VS.
MOHAMED S ABDULLAHI
121 RIVERTON DRIVE                                                        Docket No   CUMCD-CR-2011-01544
PORTLAND ME 04101                                            **DOCKET RECORD**

DOB: 01/05/1993
Attorney: ZACHARY PAAKKONEN                         State's Attorney: STEPHANIE ANDERSON
         WEST END LEGAL LLC
         707 CONGRESS STREET FIRST FL
         PORTLAND ME 04102
         APPOINTED 03/16/2011

Filing Document: CRIMINAL COMPLAINT                  Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 03/15/2011

## Charge(s)

1   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS    03/11/2011 PORTLAND
Seq 8541   17-A  1103(1-A)(A)              Class B
   NEVINS                  / POR


## Docket Events:

03/15/2011 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 03/15/2011

03/15/2011 Charge(s): 1
         HEARING -  INITIAL APPEARANCE SCHEDULED FOR 03/16/2011 @ 1:00 in Room No.  1

         NOTICE TO PARTIES/COUNSEL
03/18/2011 Charge(s): 1
         HEARING -  INITIAL APPEARANCE HELD ON 03/16/2011
         JOHN H ONEIL JR, JUDGE
         DA:  JULIA SHERIDAN
         Defendant Present in Court

         TP 2674
03/18/2011 Charge(s): 1
         PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 03/16/2011

03/18/2011 BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT ON 03/16/2011
         JOHN H ONEIL JR, JUDGE
         OR $2500 W/ MPTS CONTRACT                                          ADDED
         CONDITIONS
03/18/2011 HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 06/15/2011 in Room No.  7

03/18/2011 TRIAL -  JURY TRIAL SCHEDULED FOR 07/11/2011 @ 8:30 in Room No.  11

         NOTICE TO PARTIES/COUNSEL
03/18/2011 Party(s):  MOHAMED S ABDULLAHI
         ATTORNEY -  APPOINTED ORDERED ON 03/16/2011

         Attorney:  ZACHARY PAAKKONEN
03/22/2011 HEARING -  MOTION TO DISMISS SCHEDULED FOR 04/05/2011 @ 1:00 in Room No.  8

NOTICE TO PARTIES/COUNSEL
03/22/2011 HEARING - MOTION TO DISMISS NOTICE SENT ON 03/22/2011

03/22/2011 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 03/22/2011

15 S 3101
03/22/2011 OTHER FILING - PRETRIAL SERVICES CONTRACT FILED ON 03/22/2011

03/22/2011 OTHER FILING - PRETRIAL SERVICES CONTRACT APPROVED ON 03/22/2011
ROLAND A COLE , JUSTICE
03/28/2011 BAIL BOND - $2,500.00 CASH BAIL BOND FILED ON 03/25/2011

Bail Receipt Type: CR
Bail Amt: $2,500
                              Receipt Type: CK
Date Bailed: 03/23/2011       Prvdr Name: SOOC M DIRIR
                              Rtrn Name: SOOC M DIRIR
1/1/48    682
04/06/2011 MOTION - MOTION TO REVOKE BAIL FILED BY STATE ON 04/06/2011

04/07/2011 MOTION - MOTION TO DISMISS DENIED ON 04/07/2011
THOMAS D WARREN , JUSTICE
COPY TO PARTIES/COUNSEL
04/07/2011 HEARING - MOTION TO REVOKE BAIL SCHEDULED FOR 04/08/2011 @ 1:00 in Room No. 1

NOTICE TO PARTIES/COUNSEL
04/07/2011 BAIL BOND - NO BAIL ALLOWED SET BY COURT ON 04/06/2011
THOMAS D WARREN , JUSTICE
04/07/2011 ORDER - COURT ORDER FILED ON 04/07/2011
THOMAS D WARREN , JUSTICE
DEFENDANT'S MOTION TO DISMISS IS DENIED
04/07/2011 HEARING - MOTION TO DISMISS HELD ON 04/05/2011
THOMAS D WARREN , JUSTICE
Attorney: ZACHARY PAAKKONEN
DA: LEA-ANNE SUTTON
ADA C THIBAULT PRESENT FOR THE STATE.                              STATE WINESS
HEARD. STATE EXHIBIT 4 MOA, DEFENSE EXHIBIT 1, 2 MOA. AFTER HEARING MOTION TO DISMISS IS
UNDER ADVISEMENT
                              TAPE 2684

A TRUE COPY
ATTEST: _____
                    Clerk